IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SAM R. MULBAH,                              )
                                            )
          Plaintiff,                        )
                                            )
     v.                                     )    No. 05 C 6781
                                            )
LEVY SECURITY CORPORATION,                  )
DAVID P. BERGSMA, RANDY J. BELL,            )
LAWRENCE V. HAMILTON, RICHARD S.            )
STAMPANATO, CHRISTINA COLEMAN,              )
WILLIAM L. LARSON, CORDELL ATKINS,          )
THOMAS JOHNSON, EDWARD KIPP,                )
RICHARD KITZ, ALEX SOLOVEYCHIK,             )
VOLODYMYR HOLUB, MICHAEL CISNEROS,          )
RICHARD KOCHENDORFER, and TONY              )
SIMMONS,                                    )
                                            )
          Defendants.                       )

## MEMORANDUM OPINION AND ORDER

Plaintiff Sam Mulbah is of African ancestry and was born on the island of St. Croix, United States Virgin Islands. He alleges that his former employer, defendant Levy Security Corporation, discriminated against him by denying "transfers"[1] and then terminating his employment. Also named as defendants are fifteen employees of Levy. Count I is denominated as a claim

---

[1] Since it is alleged that plaintiff lost income and other benefits as a result of the denial of transfers, the transfers apparently were a type of promotion.

pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). Count II is denominated as a claim pursuant to 42 U.S.C. § 1981. Defendant Levy has answered the Complaint. The seven individual defendants who had been served moved to dismiss the claims against them. These defendants are Cordell Atkins, Randy Bell, Christina Coleman, Thomas Johnson, William Larson, Richard Stampanato, and Tony Simmons.[2] They contend that only Levy, as plaintiff's former employer, can be liable on the Title VII claim. As to the § 1981 claim, individual defendants contend the claim is insufficient because their personal involvement is not alleged.

The Complaint was drafted by and filed by an attorney. Thereafter, however, the attorney informed plaintiff that he intended to withdraw from the case. The attorney, though, did not move to withdraw as would be required by Local Rule 83.17. The attorney simply abandoned his client. Plaintiff himself,

---

[2] These defendants request that their arguments also be considered as regards the defendants who have not been served. After the motion to dismiss was filed, two more defendants were served: Richard Kitz and Richard Kochendorfer. The arguments raised by defendants will be considered regarding all defendants. Plaintiff has previously been advised that defendants are subject to dismissal for not being served within 120 days of the filing of the Complaint. Fed. R. Civ. P. 4(m). Plaintiff was previously granted an extension until June 5, 2006 to serve the remaining defendants. Six defendants have not been served: David Bergsma, Michael Cisneros, Lawrence Hamilton, Volodymry Holub, Edward Kipp, and Alex Soloveychik.

though, moved to allow his attorney to withdraw and for appointment of counsel. Plaintiff was granted leave to proceed *in forma pauperis* and the motion for appointment of counsel was continued pending resolution of the status of retained counsel. The court does not look favorably on an attorney abandoning his client while a case is pending. Nor should an attorney then fail to return telephone calls from the client or ignore orders to appear before the court. The attorney, however, did respond to a rule to show cause with excuses for failing to appear in court. Although expressing a desire to withdraw from the case, the attorney still has not filed such a motion. Nevertheless, since plaintiff himself has expressed his desire to discharge the attorney, leave to withdraw will reluctantly be granted and the court will instead appoint an attorney to represent plaintiff.

Plaintiff provided a *pro se* response to the motion to dismiss. Once new counsel is appointed, he or she will be provided an opportunity to file an amended complaint. In the meantime, however, the court will rule on defendants' motion to dismiss. Any amended complaint that may be filed should be consistent with today's legal rulings, but plaintiff will not be precluded from alleging additional or different facts that may avoid problems with the existing complaint. Plaintiff should carefully consider any advice that his new counsel may have

regarding keeping a large number of individual defendants in the case. It is likely that any relief that plaintiff may be entitled to obtain can be obtained from Levy without also having the individual defendants as parties to the case.

Both counts of the Complaint refer to "defendant" in the singular so it is unclear who is named in each count. It will be assumed that all defendants are named in each count. However, the law in this circuit is clear that the only proper defendant for a Title VII claim is the employer. Supervisors and other employees are not appropriate defendants to a Title VII claim. Williams v. Banning, 72 F.3d 552, 553-54 (7th Cir. 1995); United Stats E.E.O.C. v. AIC Security Investigations, Ltd., 55 F.3d 1276, 1280-82 (7th Cir. 1995); Robinson v. Sappington, 351 F.3d 317, 332 n.9 (7th Cir. 2003), cert. denied, 542 U.S. 937 (2004); Cheng v. Benson, 358 F. Supp. 2d 696 (N.D. Ill. 2005). Count I will be limited to being against defendant Levy.[3]

As to Count II, the individual defendants do not dispute that they can be liable under § 1981 nor do they dispute that plaintiff has alleged racial discrimination in violation of that

---

[3]Although plaintiff alleges that he was born in a United States territory, being born in the United States Virgin Islands is a proper basis for bringing a claim of national origin discrimination. Chiang v. Veneman, 385 F.3d 256, 269 (3d Cir. 2004).

statute.[4] The only issue is whether plaintiff has adequately alleged the personal involvement of each individual defendant.

On a Rule 12(b)(6) motion to dismiss, a plaintiff's well-pleaded allegations of fact are taken as true and all reasonable inferences are drawn in the plaintiff's favor. <u>Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163, 164 (1993); <u>Dixon v. Page</u>, 291 F.3d 485, 486 (7th Cir. 2002); <u>Stachon v. United Consumers Club, Inc.</u>, 229 F.3d 673, 675 (7th Cir. 2000). A complaint need not set forth all relevant facts or recite the law; all that is required is a short and plain statement showing that the party is entitled to relief. Fed. R. Civ. P. 8(a)(2); <u>Boim v. Quranic Literacy Institute</u>, 291 F.3d 1000, 1008 (7th Cir. 2002); <u>Anderson v. Simon</u>, 217 F.3d 472, 474 (7th Cir. 2000), <u>cert. denied</u>, 531 U.S. 1073 (2001); <u>Scott v. City of Chicago</u>, 195 F.3d 950, 951 (7th Cir. 1999). Ordinarily, a plaintiff in a suit in federal court need not plead facts; conclusions may be pleaded as

---

[4] Count II includes allegations as to national origin and ethnicity discrimination. Section 1981 claims are limited to racial discrimination, but non-White under the statute has been construed broadly, encompassing some distinctions that are now considered national origin or ethnicity. See <u>Pourghoraishi v. Flying J, Inc.</u>, 449 F.3d 751, 756-57 (7th Cir. 2006); <u>Cardenas v. Aramark Facility Services, Inc.</u>, 2006 WL 1344057 *2 (N.D. Ill. May 11, 2006). Defendants do not contend that Count II alleges any discrimination that is not considered racial discrimination for purposes of § 1981.

long as the defendants have at least minimal notice of the claim. Fed. R. Civ. P. 8(a)(2); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); Scott, 195 F.3d at 951; Albiero v. City of Kankakee, 122 F.3d 417, 419 (7th Cir. 1997); Jackson v. Marion County, 66 F.3d 151, 153-54 (7th Cir. 1995). "It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate. A full narrative is unnecessary." Kolupa v. Roselle Park District, 438 F.3d 713, 714 (7th Cir. 2006). However, even if not required to plead specific facts, a plaintiff can plead himself or herself out of court by alleging facts showing there is no viable claim. See Slaney v. The International Amateur Athletic Federation, 244 F.3d 580, 597 (7th Cir.), cert. denied, 534 U.S. 828 (2001); Kauthar SDN BHD v. Sternberg, 149 F.3d 659, 669-70 n.14 (7th Cir. 1998), cert. denied, 525 U.S. 1114 (1999); Jackson, 66 F.3d at 153-54.

Although the body of the Complaint refers to only two of the individual defendants, plaintiff has responded to the motion to dismiss by reciting facts about each individual defendant. Defendants contend that these additional allegations cannot be considered. However, as long as they are consistent with the allegations of the complaint, a plaintiff may assert additional facts in his or her response to a motion to dismiss. Help At

Home Inc. v. Medical Capital, L.L.C., 260 F.3d 748, 752-53 (7th Cir. 2001); Brokaw v. Mercer County, 235 F.3d 1000, 1006 (7th Cir. 2000); Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000); Albiero, 122 F.3d at 419; Gutierrez v. Peters, 111 F.3d 1364, 1367 n.2 (7th Cir. 1997); Betts v. Wainscott, 2005 WL 2810757 *1 (N.D. Ill. Oct. 24, 2005). Moreover, even if these additional allegations could not be directly considered, they could support that plaintiff should be entitled to file an amended complaint. The allegations contained in plaintiff's response will be considered in determining whether he has a sufficient claim against each defendant.

Before turning to the allegations regarding each defendant, it is noted that many of the alleged acts occurred in 2003. This case was filed on November 30, 2005. A two-year limitation period applies to § 1981 claims. Peters v. Renaissance Hotel Operating Co., 307 F.3d 535, 544-45 (7th Cir. 2002). To the extent plaintiff expressly alleges dates for conduct that are outside the limitations period, he has pleaded himself out of court. To the extent conduct is alleged to have occurred prior to November 30, 2003, it falls outside the limitation period.

In the Complaint, plaintiff generally alleges that each defendant was motivated by a racially discriminatory animus.

That is sufficient to allege discriminatory intent. <u>See</u> Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other condition of mind of a person may be averred generally."); <u>Higgs v. Carver</u>, 286 F.3d 437, 439 (7th Cir. 2002); <u>Bennett v. Schmidt</u>, 153 F.3d 516, 518 (7th Cir. 1998); <u>Triad Associates, Inc. v. Robinson</u>, 10 F.3d 492, 497 (7th Cir.1993); <u>Cardenas</u>, 2006 WL 1344057 *1. In his answer brief's description of the specific conduct of particular defendants, plaintiff does not always repeat the allegation of a racially discriminatory intent. The allegations contained in the brief, however, must be viewed in light of the allegations already in the Complaint. Except where there are specific allegations to the contrary, it is taken as true that, as to conduct of defendants alleged in the brief, defendants were motivated by racial discrimination.

As to defendant Holub, plaintiff alleges that Holub harassed him in 2004. Although plaintiff does not specify the type of harassment, that is sufficient to survive a motion to dismiss. The allegation that Holub imposed disciplinary measures in January 2003 falls outside the limitation period.

It is alleged that defendant Kitz denied three transfers. Although it is alleged that two of the transfers were requested on November 1, 2003 and November 10, 2003, there is no allegation as to when the transfers were denied. It cannot be assumed that

either of those transfers were denied outside the limitation period. The claims against Kitz may proceed.

All the allegations regarding defendant Kipp are alleged to have occurred in June, July, and August 2003. Those claims are outside the limitation period. Kipp will be dismissed from this action.

It is sufficiently alleged that defendant Kochendorfer disciplined plaintiff in April 2005.

All the allegations concerning defendant Alex Soloveychik occurred prior to November 2003. Soloveychik will be dismissed from this action.

Defendant Cisneros allegedly chastised and ridiculed plaintiff even though plaintiff had not done anything wrong and also reported false and derogatory information to other supervisors. These allegations are sufficient as part of a hostile work environment claim, even if not sufficient when viewed in isolation. See Pantoja v. American NTN Bearing Manufacturing Corp., 2005 WL 3542518 *9-10 (N.D. Ill. Dec. 22, 2005). The § 1981 claim against Cisneros will not be dismissed.

Simmons, as vice president of operations, allegedly approved the decision to terminate plaintiff's employment. The § 1981 claim against Simmons will not be dismissed.

Plaintiff alleges that defendant Stampanato named plaintiff as his choice for an inspector position. However, others, including defendant Coleman, opposed plaintiff's selection and Stampanato deferred to the decision of others. Plaintiff alleges: "Although I do not blame Mr. Stampanato for the snub, yet, I wanted to show that the discrimination against me was corporate wide. If he had the final say, he would have offered the job to me. But he was a director, and Coleman a Vice President." Although this could be construed as alleging Stampanato did not have a discriminatory animus toward plaintiff, it can also be read as alleging that Stampanato was willing to approve the discriminatory conduct of his underlings. However, in the section of his brief devoted to Coleman, plaintiff makes additional allegations about this incident. See Pl. Brief at 13. There, plaintiff alleges that this denial of a transfer/promotion occurred in 2000. The claim against Stampanato will be dismissed as untimely.

As to defendant Johnson, the allegations regarding transfers denied on November 1 and 10, 2003 are untimely. Sustaining discipline in January 2003 is also untimely. The remaining claims against Johnson are not subject to dismissal.

All the allegations regarding defendant Hamilton are from before November 2003. The claims against Hamilton will be dismissed.

The claims against defendant Atkins will be dismissed as untimely except for the claim that plaintiff was denied a courier position to be performed at Evanston Northwestern Hospital. Plaintiff applied for this position on November 26, 2003, but the facts alleged are consistent with no decision on that position being made until November 30 or later.

The claim against defendant Bell is dismissed except to the extent it is based on plaintiff's discharge. All other allegations are from before November 2003.

The allegations against defendant Coleman are from 2000 or earlier. The claims against Coleman will be dismissed as untimely.

The claims against defendant Larson are sufficient.

Plaintiff alleges that defendant Bergsma, Levy Security's president and chief executive officer, failed to ensure that plaintiff's claims were adequately investigated. He also alleges Bergsma "failed to realize" that the Human Resources Department was "complicit in the discrimination." These specific allegations as to Bergsma override the general allegation that Bergsma intentionally discriminated. Since it is alleged that

Bergsma negligently failed to recognize that plaintiff was being discriminated against, it is not alleged that Bergsma intentionally discriminated against plaintiff. The claims against Bergsma will be dismissed.

As previously set forth, counsel will be appointed to represent plaintiff. New counsel should consult with plaintiff and may file an amended complaint that is consistent with today's ruling. That complaint must be filed by November 15, 2006. As to any remaining defendants who have not previously been served, plaintiff must serve them by no later than November 17, 2006 or those defendants will be dismissed from this action.

IT IS THEREFORE ORDERED that plaintiff's motion to allow withdrawal of attorney [9] is granted. The appearance of attorney Michael Gregory Johnson is withdrawn from this case. Plaintiff's motion for appointment of counsel [10] is granted. Counsel will be appointed. Attorney Johnson shall provide to appointed counsel any pertinent documents or information possessed by Johnson. Defendants' motion to dismiss [28] is granted in part and denied in part. The claims against defendants Kipp, Soloveychik, Stampanato, Hamilton, Coleman, and Bergsma are dismissed and those defendants are dismissed from this action. The claims against defendants Holub, Johnson, Atkins, and Bell are dismissed in part. By November 15, 2006,

plaintiff may file an amended complaint. Defendants shall answer or otherwise plead by no later than December 4, 2006. A status hearing will be held on December 6, 2006 at 11:00 a.m.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: SEPTEMBER 28, 2006